UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

David Levreau,

Defendant.

Civil File No. 00-513 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff's Motion for Summary Judgment. According to Plaintiff, Defendant has not paid the principal or interest on his federally insured student loan. For the reasons that follow, the Court grants Plaintiff's Motion.

**BACKGROUND**

Defendant David Levreau financed a portion of his post-high school education by obtaining a $2,500 federally insured student loan in December 1985. Apparently, Mr. Levreau used the funds to take a truck driving course. On January 2, 1986, the loan funds were disbursed by the lender to Mr. Levreau's school. Under the terms of the promissory note, the loan became due in December 1986, six months after Mr. Levreau left school. According to the Department of Education ("DOE") records, the student loan was not repaid.

Both the lender and the guaranty agency were unable to collect the amount due on the loan. In August, 1993, the promissory note was assigned to the DOE under the guaranty

FILED DEC 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 17 2001
DEPUTY CLERK

provisions of 20 U.S.C. §1071 et seq. At the time of the assignment, Mr. Levreau owed $2,647.39 in principal and $675.89 in prejudgment interest. Since 1993, the DOE has attempted to collect the amounts due. To this end, the DOE has spoken to Mr. Levreau on at least two occasions and written to him 41 times. As of September 15, 1999, Mr. Levreau owed the principal plus $2,020.40 in prejudgment interest.

Mr. Levreau contends that he left school because he could not pass an eye examination. He claims that (1) he never received the loan disbursement; (2) he repaid the lender something less than $1000; and (3) his school said that he did not have to repay the student loan because his school would refund the unused portion of the loan to the lender. He has no paperwork to support these claims.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is only proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik, 47 F.3d at 957.

Summary judgment is appropriate in this case because the Government has come forward with evidence to support its assertion that Mr. Levreau signed the promissory note at issue and that the amount was disbursed to Mr. Levreau's school. Furthermore, the Government has adduced evidence to support its assertion that the loan remains unpaid. Mr. Levreau has produced no evidence or arguments which contest these facts.

Mr. Levreau claims, however, that he paid something less than a $1000 to his lender, but he also admits that he has no evidence to support this claim. The Court must decide "whether [this] evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In this case, Mr. Levreau has admitted that he has no evidence to corroborate his defense. In the absence of such evidence, the Government prevails as a matter of law.

Mr. Levreau's claim that his school told him that they would refund the unused

portion of the loan to the lender is unavailing. As the Government notes, the acts or omissions of a school are not a defense in a student loan collection case. A student's enrollment contract with his or her school is a separate transaction from the student borrower's loan contract with his or her lender. See, e.g., Williams v. Nat'l School of Health Tech., 836 F. Supp. 273, 282 (E.D. Pa. 1993).

Finally, it is also worth noting that Mr. Levreau was provided with information about programs under 20 U.S.C. § 1087, which allow student loan debtors to apply for relief from the DOE in certain circumstances. These circumstances include the failure of the school to remit a tuition refund or the inability of the student to benefit from the training provided by the school. A claim under section 1087, however, must be pursued administratively and may not be asserted as a defense in a collection action. United States v. Wright, 87 F. Supp. 2d 464, 466 (D. Md. 2000).

For the foregoing reasons, and upon all the files, records, and proceedings herein, the Court determines that summary judgment is appropriate in this case. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Clerk Doc. No. 15) is **GRANTED**; and

2. Judgment is entered in favor of Plaintiff and against Defendant for $2,647.39 in principal; $2,020.40 in prejudgment interest through September 15, 1999; additional prejudgment interest at the rate of eight percent from September 15,

1999, to the date that judgment is entered; collection costs of $40.00; court costs of $150.00 under 28 U.S.C. § 2412; and post-judgment interest at the legal rate.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 14, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995